# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID J. SHACKLEE, and<br>MICHELLE R. SHACKLEE<br><br>    Plaintiffs,<br><br>    v.<br><br>RANDALL B. SINGLETON, SHARRIE L.<br>SINGLETON, and UNITED STATES OF<br>AMERICA,<br><br>    Defendants. | Cause No. 1:10-cv-1256-TWP-DKL |

## ORDER ON PLAINTIFFS' MOTION TO REMAND

This case comes before the Court on Plaintiffs' David J. Shacklee and Michelle R. Shacklee (collectively, "Plaintiffs") Motion to Remand this case to State court pursuant to 28 U.S.C. § 1441(c), or in the alternative, remand their State law claims pursuant to 28 U.S.C. § 1367(c)(2). For the reasons set forth herein, the Court **DENIES** Plaintiffs' Motion to Remand [Dkt. 8].

### I. BACKGROUND

Through their Complaint, Plaintiffs seek judicial declaration of a property right. Specifically, Plaintiffs request that the Court establish an easement of ingress and egress, thirty-five feet (35') in width, across the north end of the lot ("Lot 5") which is adjacent to their home. The United States of America ("United States") has an interest in Lot 5 in the form of two separate federal tax liens.

Defendant United States removed this action from the Howard Superior Court to the federal district court, pursuant to U.S.C. §§ 1441, 1442, 1444, and 1446. Plaintiffs now move

this Court to remand their entire case, or in the alternative just the State law claims, back to State court.

## II.  DISCUSSION

In support of their Motion, Plaintiffs argue that there are four issues which must be determined by the trier of fact: 1) whether an easement exists; 2) the legal description of the easement; 3) the date the easement arose; and 4) the attached federal tax liens and the easement's relation to them, and that all but the last issue involve State law *exclusively*.  United States, argues that the following sections of the Judicial Code authorize removal to this Court: 28 U.S.C. §§ 1441, 1442, 1444, and 1446.  The United States further argues that Plaintiffs' Motion to Remand addresses only Sections 1441(c) and 1367(c)(2), thus leaving Sections 1442 and 1444 unaddressed and uncontested.  This Court will begin with the discussion of Sections 1442 and 1444.

### A.  Title 28 United States Code Sections 1442 and 1444

Due to sovereign immunity, the United States typically may not be sued.  There are, however, codified exceptions to this rule.  28 U.S.C. § 2410 is an example of a code that abrogates the sovereign immunity issue and provides for the ability of the United States to be called as a party to a specific type of action.  Specifically, Section 2410 allows for the United States to be named as a party in an action to quiet title to real property or an action to foreclose a mortgage or lien upon real or personal property on which the United States has or claims a mortgage or other lien.  28 U.S.C. § 2410(a).

Further, Section 1444 states that any action brought under Section 2410 of Title 28 against the United States in any State court,  may be removed by the United States to the district court of the United States for the district and division in which the action is pending. *Id*.;

*Thomas v. Shelton*, 740 F.2d 478, 482 (7th Cir. 1984). Plaintiffs do not contest this basis for jurisdiction. Instead, in its Notice of Removal, the United States pleads that "Plaintiffs' action appears to be an action to foreclose a lien upon real estate, although couched as a quiet title action." The Court need not address the question of whether the Plaintiffs' suit may properly be classified as both a quiet title action and an action to foreclose upon a lien[1] because both fall under the purview of Section 2410.

Finally, as codified by 28 U.S.C. § 1442, a civil or criminal action against the United States may be removed to the United States district court for the district and division in which it is pending. 28 U.S.C. § 1442. Here, the United States is a named defendant in this action, thus this Court has jurisdiction.

Plaintiffs argue that they simply seek to establish the existence of their interest in the property and, in turn, determine the *relative rights* of the parties upon which the State law issue of establishment of an easement predominates. Presumably, a quiet title suit would seem the appropriate method for establishing their asserted property rights.[2] The question for this Court then becomes, if appropriately removed under Sections 1444 and 1442, is the fact that the basis for this case is a State law issue of establishing the easement enough to warrant remand under Section 1367(c) or Section 1441(c)? The Court must answer in the negative.

**B.**     **Title 28 United States Code Sections 1441(c) and 1367(c)(2)**

Plaintiffs argue two alternative justifications for remand under Sections 1367(c)(2) and 1441(c). 28 U.S.C. § 1441(c) states that whenever a separate and independent claim or cause of

---

[1] Plaintiffs do not dispute that the federal tax liens attached to the property or that the IRS assessments were valid.

[2] Tellingly, the Plaintiffs include the word *junior* when discussing the federal tax liens in their Complaint – which lends itself to a potential action for quiet title. Quiet title actions have been defined by other Circuits as those seeking "a determination that a tax lien does not exist, has been extinguished, or *is inferior in rank*." *In re Estate of Threefoot*, 316 F.Supp.2d 636, 641 (W.D. Tenn. 2004) (emphasis in original) (quoting *Estate of Johnson v. United States*, 836 F.2d 940, 946 (5th Cir. 1988)).

action within the jurisdiction conferred by Section 1331 is joined with one or more *otherwise non-removable claims or causes of action*, the entire case may be removed and the district court may determine all issues therein or, in its discretion, may remand all matters in which State law predominates. 28 U.S.C. § 1441; *see also Thomas*, 740 F.2d at 482. 28 U.S.C. § 1367 allows federal courts to decline to exercise supplemental jurisdiction if "the [State law] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

Ultimately, because the Court maintains subject matter jurisdiction over *any claim* relating to actions *affecting property* on which the United States has a lien, the consideration of both 28 U.S.C. §§ 1441(c) and 1367(c)(2) ends here. This Court need not determine whether Section 1367(a)'s requirement that the federal claim and the State law claims and related parties form part of the same "case or controversy" under Article III of the Constitution because there are no separate claims. Further, the Seventh Circuit has articulated its position disfavoring the application of Section 1441(c) to federal question jurisdiction. *Thomas*, 740 F.2d at 483 ("Although section 1441(c)…is not explicitly limited to diversity cases, its principal and maybe only application is to such cases.… If…plaintiff's claim arose under federal law, joining a nonfederal claim would not defeat removal. This is true whether the nonfederal claim was closely related to the federal claim or completely unrelated.")

As there is a question of the *relative* property rights of the parties relating to the one piece of land that triggers Section 2410; even the issue of the *existence* of a right must essentially involve the property that triggers this Court's jurisdiction. In order to establish the existence of Plaintiffs' property right, the issue of the Plaintiffs' alleged easement must be litigated. Ultimately, the potential clash of the Plaintiffs' property rights against the United States' tax

liens rights is still predicated on the finding of an easement on the property *in which the United States has an interest,* thus the case must be litigated in the district court.

### III. CONCLUSION

For the aforementioned reasons, the Plaintiffs' Motion to Remand [Dkt. 8] is hereby **DENIED**.

SO ORDERED.

Date: 05/25/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Austin Cox
BAYLIFF, HARRIGAN CORD & MAUGANS, P.C.
dave.cox@bhcmlaw.com, jennifer.eshelman@bhcmlaw.com, amy.turner@bhcmlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov, shaq.shockley@usdoj.gov, lin.montigney@usdoj.gov

Corbin K. King
KING & SCOTT LLP
king@kingandscott.com, mock@kingandscott.com